

FILED
SUPERIOR COURT
OF GUAM

2013 JAN 25 PM 1: 17

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

THE HONGKONG AND SHANGHAI
BANKING CORPORATION, LTD., )
)
                         Plaintiff, )
)
        v. )
)
DR. GEORGE KALLINGAL, DR. )
MATILDA KALLINGAL, and THE )
GEORGE AND MATILDA )
KALLINGAL, P.C., )
)
                        Defendant. )
)

CASE NO. CV0089-03

**Decision and Order on Defendant's
Motion to Dismiss**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on September 17, 2012 on Defendant's Motion to Dismiss. Attorney Ron Moroni represented Defendants, Dr. George Kallingal, Dr. Matilda Kallingal and the George and Matilda Kallingal, P.C. Attorney Joyce C.H. Tang represented Plaintiff Hongkong and Shanghai Banking Corporation, LTD. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Plaintiff Hongkong and Shanghai Banking Corporation (hereinafter, "HSBC") filed their complaint on January 30, 2003, seeking payment under a 1995 loan agreement. A supplemental complaint was filed on December 22, 2006, which added the George and Matilda Kallingal P.C. as a Defendant alongside Drs. George and Matilda Kallingal in their personal capacities (Defendants collectively, "the

Kallingals). This motion was filed on November 16, 2010. Based on the applicable law and the unique circumstances of this case, this Court finds that denial of Defendant's motion at this time is appropriate.

## DISCUSSION

Defendants move for dismissal for failure to prosecute under Rule 41(b) of the Guam Rules of Civil Procedure. Rule 41(b) allows for dismissal where a plaintiff fails to prosecute an action or fails to comply with a court order or Guam's rules of procedure. In determining whether to grant a motion to dismiss for failure to prosecute under Rule 41(b), this Court applies the five-factor test adopted by the Guam Supreme Court in Santos v. Carney, 1997 Guam 4. Under that test the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. ¶ 5 (quoting In re Eisen 31 F.3d 1447, 1451 (9th Cir. 1994)). "Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal. Park v. Kawashima, 2010 Guam 10 ¶ 10.

### a. Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket

"The docket management factor is ordinarily considered in conjunction with the public's interest in the expeditious resolution of litigation in determining whether there was an unreasonable delay." Santos v. Carney (citing In re Eisen, 31 F.3d at 1452). This case has been on the docket for nearly a decade without having gone to trial. That fact, considered with the volume of cases before the Court lead to a finding that both the public interest in expeditious resolution and the court's need to manage the docket support dismissal.

### b. Risk of Prejudice to Defendant

"Unnecessary delay inherently increases the risk that memories will fade and evidence will become stale." Petition of Quitugua v. Flores, 2004 Guam 19 ¶ 19. (citing Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 1899 (1968)). Thus, "[o]nce a delay is determined to be unreasonable, prejudice . . . is presumed." Santos 1997 Guam 4 ¶ 8. "[L]egal prejudice is just that- prejudice to some legal interest, some legal claim, some legal argument." Westlands Water Dist. v. U.S., 100 F.3d 94, 97 (9th Cir. 1996).

Defendants argue that they have been prejudiced by the delay as the transactions relevant to this case took place almost ten years ago which would lead to memories fading and make it harder to withstand cross examination. While circumstances surrounding this case could perhaps make defending against the action more difficult, this does not rise to the level of prejudice as described in Westlands. As such, this factor weighs against dismissal.

### c. Public Policy Favoring Disposition of Cases on their Merits

"Although public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, 'it must be weighed against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket.'" Park v. Kawashima, 2010 Guam 10 ¶ 22 (quoting In re Estate of Concepcion v. Siguenza, 2003 Guam 12 ¶ 23.). Generally "[i]t is sufficient to demonstrate that the plaintiff has 'ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof.'" Santos, 1997 Guam 4 ¶ 9 (quoting Anderson v. Air West, Inc., 542 F.2d 522, 526 (9th Cir.1976)).

The delay in bringing this case to a resolution on the merits has not been comprised of mere lulls in activity. HSBC and the Kallingals have filed answers, counterclaims, supplemental pleadings, and various motions necessitating numerous Decisions and Orders from this Court. Additionally, this case has seen an appeal to the Supreme Court of Guam. See Hongkong and Shanghai Banking

Corp. v. Kallingal, 2005 Guam 13. There has also been an attempt by the Kallingals to litigate issues pertinent this case in the District Court of Guam. See Geomat & Sons, Inc. v. Hong Kong and Shanghai Banking Corp. Ltd., Civil Case No. 10-00001, 2011 WL 1317248 (D. Guam, Mar.25, 2011). This Court is not convinced that Plaintiff has ignored the responsibility to diligently prosecute this action and finds that this factor weighs against dismissal.

> d. Availability of Less Drastic Sanctions

The fifth and final factor requires this Court to consider whether less drastic alternatives to dismissal are available. Two possible alternatives are monetary sanctions and a formal warning. Though the Guam Supreme Court has found that a warning or lesser sanction is not necessary prior to dismissal on a Rule 41(b) motion,[1] this Court shall nonetheless issue such a warning. Considering the circumstances of this case, other sanctions aside from dismissal may be more appropriate. This factor therefore weighs against dismissal.

## CONCLUSION

Only two of the Santos factors weigh in favor of dismissal in this case. This Court therefore finds that dismissal for failure to prosecute is not appropriate at this time. Defendant's motion to dismiss is hereby **DENIED**.

This Decision does, however, serve as a warning to both HSBC and the Kallingals that further delays will result in more drastic sanctions. Parties shall take all necessary action to bring this case to a resolution. A scheduling conference is set for March 4, 2013.

//

//

//

---

[1] Santos v. Carney, 1997 Guam 4 ¶ 10.

Decision and Order
Case No. CV0089-03

It is **SO ORDERED** this 24th day of January, 2013.

JAN 2 5 2013

Original Signed By:
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

JAN 2 5 2013

Amando B. Guttierrez
Deputy Clerk, Superior Court of Guam

-5-